UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MILLER, | Case No. CV 14-671 GW(JC) |
| Petitioner, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| UNKNOWN, | |
| Respondent. | |

On January 28, 2014, petitioner, a California state prisoner proceeding *pro se*, filed a letter request for an extension of time to file a federal petition for writ of habeas corpus. ("Letter Request").[1]  For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy.  United States National Bank of Oregon v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to cases and

---

[1] The Letter Request appears to have been signed by petitioner on January 22, 2014, to have been mailed on January 24, 2014, to have been received by the Clerk on January 27, 2014, and to have been formally filed on January 28, 2014.

controversies).  A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed.  <u>Johnson</u>, 851 F.2d at 235.

     A federal court lacks jurisdiction to consider the timeliness of a habeas petition or to grant an extension to file such a petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution.  <u>See</u> <u>Thomas v. Ochoa</u>, 2013 WL 610772, *2 (C.D. Cal. Feb. 15, 2013) (Court lacks jurisdiction to address petitioner's request for extension of time to file federal petition for writ of habeas corpus in the absence of the actual filing of such a petition because Constitution's "case or controversy" requirement precludes granting request for such an advisory opinion); <u>Ford v. Warden</u>, 2008 WL 2676842, *1 (C.D. Cal. July 7, 2008) (dismissing without prejudice request for extension of time to file habeas corpus petition because without an actual petition, there was no "case or controversy" as required by the Constitution); <u>United States v. Leon</u>, 203 F.3d 162, 164 (2d Cir. 2000) (granting government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); <u>Calderon v. Ashmus</u>, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); <u>see also</u> <u>United States v. Cook</u>, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

     Here, because petitioner has not actually filed a federal petition for writ of habeas corpus, there is no action or proceeding pending and no case or controversy to be heard.  If petitioner actually files a petition for writ of habeas corpus, then the Court may entertain an argument that such a petition is, or should

1 | be deemed, timely. Unless and until petitioner does so, however, this Court lacks
2 | jurisdiction to address the issue or to consider petitioner's Letter Request for an
3 | extension of time to file a federal petition for writ of habeas corpus.
4 |     For the foregoing reasons, this case is dismissed without prejudice.
5 |     IT IS SO ORDERED.
6 | DATED: March 3, 2014

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE